# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Appeal No. 15-2440 |
| *Plaintiff*, | On Appeal from the U.S. District Court for the Southern District of Illinois, Case No. 12-889 DRH |
| *v.* | |
| **ANTHONY SMITH, et al.,** | **SEVENTH CIRCUIT RULE 3(c) DOCKETING STATEMENT** |
| *Defendants*. | |

Non-party Appellant Paul Hansmeier respectfully submits this Docketing Statement pursuant to Circuit Rule 3(c)(1) of the United States Court of Appeals for the Seventh Circuit.

## I.     DISTRICT COURT JURISDICTION.

The United States District Court for the Southern District of Illinois ("District Court") had federal question and diversity jurisdiction over the subject matter of this action pursuant to a Notice of Removal filed in this action by Defendant SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") on August 9, 2012, which cited 28 U.S.C. §§ 1331, 1332, 1441, and 1446. (Dkt. No. 2.) Federal question jurisdiction was based upon Plaintiff's assertion of claims under the Computer Fraud & Abuse Act ("CFAA"), 18 U.S.C. § 1030, and supplemental jurisdiction over Plaintiff's state law claims was based upon the

relation of the state law claims to the CFAA claims such that they formed part of the same case or controversy. (*Id.* at 3.) Diversity jurisdiction was based upon Plaintiff's allegations of having been damaged in the amount of $774,850 and upon Plaintiff's request for actual damages in an amount exceeding $200,000. (*Id.* at 5.) Plaintiff is an Arizona corporation with its principal place of business in Arizona; Defendant AT&T is a California corporation with its principal place of business in Texas; and Defendant Comcast Cable Communications, LLC ("Comcast") is a limited liability company organized under Delaware law, whose sole member is Comcast Holdings Corporation, a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id.* at 4.) No other parties were joined and served at the time of removal, including Defendant Smith, a citizen of the state of Illinois. (*Id.* at 4–5.)

## II. APPELLATE COURT JURISDICTION.

The United States Court of Appeals for the Seventh Circuit has jurisdiction to hear an appeal from a post-judgment order finding a party in contempt and imposing a sanction. 28 U.S.C. § 1291; *see also Motorola, Inc. v. Computer Displays Int'l., Inc.*, 739 F.2d 1149, 1154 (7th Cir. 1984). The District Court's final order finding Appellant Paul Hansmeier in contempt and imposing a sanction was entered on June 5, 2015. (Dkt. No. 189.) Appellant Paul Hansmeier filed a notice

of appeal on July 6, 2015. This case is not a direct appeal from the decision of a magistrate judge.

### III.   PRIOR OR RELATED APPELLATE PROCEEDINGS.

Case Nos. 13-3801 and 14-1682 are prior appellate proceedings in this matter.

### IV.   ADDITIONAL REQUIREMENTS OF CIRCUIT RULE 3(c)(1).

This is an appeal from a civil case. 28 U.S.C. § 1915(g) is inapplicable. None of the parties to the litigation appear in an official capacity. This case does not involve a collateral attack on a criminal conviction.

Respectfully submitted,

DATED:     August 5, 2015

/s/ Paul Hansmeier
Paul Hansmeier
100 5th St. S. Suite 1900
Minneapolis, MN 55402
612-326-9801
*In propria persona*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2015, I served the foregoing Docketing Statement via the Court's ECF system upon counsel for Appellees.

/s/ *Paul R. Hansmeier*
Paul R. Hansmeier
