**Appeal No. 15-2440**

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, )<br>Plaintiff,                              )<br>                                         )<br>     v.                                   )<br>                                         )<br>ANTHONY SMITH,                    )<br>Defendant-Appellee                )<br>                                         )<br>APPEAL OF: PAUL HANSMEIER,  )<br>Attorney | Appeal from the United States<br>District Court for the Southern<br>District of Illinois<br><br>District Court Case No.<br>3:12-cv-889-DRH-SCW<br><br>The Honorable David Herndon<br>Judge Presiding |

### ANTHONY SMITH'S MOTION TO DISMISS APPEAL

Pursuant to Federal Rules of Appellate Procedure 3(a)(2) and 3(e) and Circuit Rule 3(b), Appellee Anthony Smith respectfully requests that the Court dismiss this appeal because appellant, attorney Paul Hansmeier, has failed to perfect and prosecute it. He has not paid the required fees and has missed every deadline, effectively abandoning the appeal.

### PROCEDURAL BACKGROUND

This is the third of four appeals to date from orders sanctioning attorneys for plaintiff Lightspeed Media Corporation after it voluntarily dismissed all claims in the underlying action. Briefly, the district court found the underlying litigation wholly frivolous and sanctioned plaintiff's

attorneys Paul Hansmeier, John Steele and Paul Duffy pursuant to 28 U.S.C. § 1927. Doc. 1-1 pp. 2-14.[1] The three attorneys failed to timely pay the Section 1927 sanctions, for which failure the district court held them in contempt and sanctioned them again. *Id*. pp. 15-27. The three attorneys appealed both orders. Appeal Nos. 13-3801 & 14-1682. The Court affirmed both orders in full. *Lightspeed Media Corp. v. Smith*, 761 F.3d 699 (7th Cir. 2014). This appeal arises from Hansmeier's statements, in and to the district court, claiming insolvency in connection with his failed inability-to-pay defense to those first contempt sanctions. *See id*. at 710-11. On June 5, 2015, *see* Doc. 1-1 pp. 40-56, the district court again found Hansmeier and Steele in contempt and further sanctioned both attorneys upon evidence that "directly contradicts their claims of insolvency." *Id*. p. 55. Hansmeier is the sole appellant, as Steele did not notice an appeal from the June 5, 2015 contempt sanctions order.[2]

---

[1] Unless otherwise noted, references to "Doc." herein are to entries on the docket in this appeal.

[2] Steele instead took the fourth appeal in the underlying case, from a July 23, 2015 order that sanctioned him and Attorney Duffy for obstructing discovery about the three attorneys' financial status. Appeal No. 15-2862. The Court consolidated the two pending appeals for purposes of briefing and disposition, Doc. 8, but Hansmeier is not a party to Steele's appeal. Appellee Smith is the only other party to Hansmeier's appeal because the other defendants, who had joined Smith as appellees in the two previously adjudicated appeals, have filed notices of non-involvement. Doc. 4, 5, 6.

Hansmeier filed his notice of appeal on July 6, 2015. Doc. 1-1 p. 1. When the Court docketed Hansmeier's appeal on July 8, 2015, it mentioned his obligation to pay the docketing and filing fees within 14 days. Doc. 1-2 & 1-4. Hansmeier did not pay the fees by July 22, 2015 and still has not paid.

## LEGAL STANDARD

"Upon filing a notice of appeal, the appellant must pay the district court all required fees." Fed. R. App. P. 3(e). "An appellant's failure to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for the court of appeals to act as it considers appropriate, including dismissing the appeal." Fed. R. App. P. 3 (a)(2). "If a proceeding is docketed without prepayment of the docketing fee, the appellant shall pay the fee within 14 days after docketing. If the appellant fails to do so, the clerk is authorized to dismiss the appeal." Cir. R. 3(b). Dismissal is appropriate "for nonpayment of the filing fee, that is, for failing to prosecute the appeal." *Hafed v. Fed. Bureau of Prisons*, 635 F. 3d 1172, 1179 (10th Cir. 2011) (citing *Hafed v. Gov't of State of Israel*, No. 08-2744 (7th Cir. Jul. 11, 2008)).

## ARGUMENT

Attorney Hansmeier invites dismissal by failing, more than a month after docketing, to timely pay the docketing fee and notice of appeal filing

fee. Fed. R. App. P. 3(a)(2); Cir. R. 3(b). His payments were due upon filing of the notice of appeal on July 6, 2015. Fed. R. App. P. 3(e). The Court notified him that the clerk could dismiss the appeal if he did not pay by July 22, 2015. Doc. 1-2 & 1-4; Cir. R. 3(b). That deadline passed three weeks ago.

His related failures to otherwise prosecute the appeal also invite dismissal. Since filing the notice of appeal, he has let every deadline in this appeal pass without meeting it. He has not filed the transcript information sheet that was due on July 22, 2015.[3] Doc. 1-2. An appellant's failure to procure transcripts is a failure to prosecute that warrants dismissal. *Greco v. Stubenberg*, 859 F.2d 1401 (9th Cir. 1988). Absent an order for the transcript, Hansmeier was required to file a statement of the issues he intended to present on appeal by the same date. Fed. R. App. P. 10(b)(3)(A). He also has not done so. Hansmeier has not taken the steps necessary to enable the district court clerk to assemble the record as required by Fed. R. App. P. 11(a). The record on appeal was due to be prepared on or before July 20, 2015 pursuant to Circuit Rule 10(a). *See* Doc. 206, Notice of the Filing of a Notice of Appeal, *Lightspeed Media Corp. v. Smith*, Case No.

---

[3] On November 12, 2014, the district court held a hearing on the motion for sanctions from which attorney Hansmeier noticed appeal. *See* Doc. 1-1 p. 46. He was required to order a transcript of that hearing, or certify that no transcript would be ordered, within 14 days of his notice of appeal. Fed. R. App. P. 10(b)(1); Cir. R. 10(c).

12-889-DRH-SCW (S.D. Ill. filed July 8, 2015). An appellant's failure to file a proper record is also a failure to prosecute that warrants dismissal. *Moore v. United States*, 412 F.2d 229 (5th Cir. 1969) (per curiam). Hansmeier is also yet to file a representation statement, which was due within 14 days after his July 6, 2015 notice of appeal pursuant to Fed. R. App. P. 12(b).

Hansmeier's only filing to perpetuate this appeal came a day late and, due to the unpaid docketing and filing fees, $505 short. His Circuit Rule 3(c) docketing statement was due July 13, 2015. Doc. 1-2. He did not timely file. The Court issued a Rule to Show Cause setting a second deadline: Failure to timely file and serve within fourteen days of July 21, 2015 (that is, on or before August 4, 2015) would result in a $100 fine and/or dismissal. Doc. 2. Ultimately Hansmeier filed his docketing statement on August 5, 2015, one day after that already extended deadline. Doc. 7. He has not advanced the appeal in any way beyond that belated docketing statement.[4]

Hansmeier's failure to pay is not due to a lack of funds. The district court found Hansmeier's pleas of insolvency were misrepresentations,

---

[4] On July 21, 2015, the Settlement Conference Office noticed a Rule 33 conference and extended the briefing schedule. Doc. 3 p. 2. But for that extension, Hansmeier's brief would also now be untimely, as more than 40 days have passed since docketing. Fed. R. App. P. 31(a); Cir. R. 31(a). Hansmeier's other filing deadlines were not stayed. "The scheduling of a Rule 33 conference does not relieve the parties of their obligation to comply in a timely manner with all other court filing requirements." Doc. 3 p. 2.

directly contradicted by documentary evidence of his substantial financial resources, including his own admissions in a related proceeding. Doc. 1-1 pp. 54-56 & n.6. Hansmeier has not moved to proceed *in forma pauperis* in either the district court or this Court or otherwise shown an inability to meet his financial obligations. After noticing this appeal he filed a petition for bankruptcy on July 13, 2015. Voluntary Petition, *In re Paul Hansmeier*, Case No. 15-42460 (Bankr. D. Minn. filed July 13, 2015). He claimed assets totaling $1,113,965 and liabilities of $723,987.38. Summary of Schedules, *id*. As Hansmeier filed his petition under Chapter 13 of the Bankruptcy Code, he sought aid in prioritizing his debts including the sanctions order on appeal, not liquidation of those debts under Chapter 7. "Chapter 13 of the Bankruptcy Code … attempts to provide a structure for the repayment of all debts based on established priorities." *In re Moorman*, 376 B.R. 694, 697 (C.D. Ill. 2007). "[U]nlike debtors who opt for liquidation under Chapter 7, Chapter 13 debtors may retain their property by agreeing to repay creditors over a period not exceeding five years." *Smoker v. HIll & Assocs.*, 204 B.R. 966, 971 (N.D. Ind. 1997). Hansmeier's bankruptcy filings set a five-year commitment period to pay off his debts. Official Form 22C-1 (Chapter 13 Statement), *In re Paul Hansmeier* (Bankr. D. Minn. filed July 13, 2015). He thereby declared himself capable of making payments.

Dismissing this appeal would cause Hansmeier little or no prejudice. He faces almost no risk from the $65,263 sanctions award on appeal because his jointly liable co-debtor John Steele covered almost all of their joint liability by transferring $65,000 to the district court, which is holding the funds pending the outcome of this appeal. Doc. 216, Minute Order Regarding Motion to Stay, *Lightspeed Media Corp.* (S.D. Ill. filed Aug. 10, 2015). Hansmeier told the bankruptcy court that Steele would pay that sum: "Anthony Smith Matter: This debt in the amount of $65,000 [*sic*] will be paid in full by codefendant [Steele] outside of the plan within 30 days." Form 3015-1 (Chapter 13 Plan) p. 3, *In re Paul Hansmeier* (Bankr. D. Minn. filed July 13, 2015). He also indicated that his debt to Smith is not disputed. Schedule F (Creditors Holding Unsecured Nonpriority Claims) p. 1, *id*.

By contrast, appellee Smith would be severely prejudiced if attorney Hansmeier is allowed to maintain yet another appeal *pro per* that he is barely litigating. Years after the voluntarily dismissal of the frivolous claims against Smith, the appeals further multiply the proceedings, imposing yet more unnecessary litigation expenses on him. *See* Doc. 1-1 pp. 2-3.

Hansmeier showed no difficulty fulfilling his obligations in the previous appeals from the underlying case. He timely paid the $505 in filing and docketing fees for both of the three attorneys' joint appeals. Doc.

1, Appeal No. 13-3801 (7th Cir. filed Dec. 16, 2013); Doc. 8, Appeal No. 14-1682 (7th Cir. filed Apr. 15, 2014). Hansmeier timely filed the transcript information sheets in both of the previous appeals. Doc. 4-1, Appeal No. 13-3801 (7th Cir. filed Dec. 30, 2013); Doc. 152, Transcript Information Sheet, *Lightspeed Media Corp.* (S.D. Ill. filed filed Apr. 15, 2014). Likewise, he filed the Circuit Rule 3(c) docketing statements in the previous appeals without the prodding of a rule to show cause. Doc. 3, Appeal No. 13-3801 (7th Cir. filed Dec. 18, 2013); Doc. 5, Appeal No. 14-1682 (7th Cir. filed Apr. 14, 2014). Because Hansmeier's latest docketing statement (Doc. 7) is an almost verbatim copy of his last such filing, changing little more than a few dates and names, he had no practical need to delay. *Compare id. with* Doc. 5, Appeal No. 14-1682.

Therefore, and because Hansmeier is an attorney, his nearly total noncompliance with the Court's rules this time around cannot be mere oversight. Instead, his failures to prosecute fit the patterns of frivolous litigation, contumacious conduct and tactical delay that Hansmeier and plaintiff's other attorneys exhibited in the district court.

The Court has consolidated Steele's appeal, Appeal No. 15-2682, with Hansmeier's. Doc. 8. Steele's payment of the required fees in his appeal does not affect Hansmeier's distinct obligation to pay his own. "One fee is

due for each notice of appeal." *Ammons v. Gerlinger*, 547 F.3d 724, 726 (7th Cir. 2008) (terminating appeal for lack of payment and as sanction for misconduct). Hansmeier is due to file his opening brief and short appendix on or before September 21, 2015. Doc. 8. He should not be afforded this opportunity without first fulfilling the obligations of an appellant. *Cf.* Cir. R. 45(b) (clerk not required to docket any proceeding or perform any service before payment of all fees due unless so directed by a judge of this Court or at the instance of a party entitled to proceed without prepayment of fees).

## CONCLUSION

For the foregoing reasons, Appellee Smith respectfully requests that the Court put an end to attorney Hansmeier's gamesmanship and delays by dismissing his appeal.


Dated:  August 13, 2015         Respectfully submitted,

/s/ Dan Booth
Dan Booth
Jason Sweet
Booth Sweet LLP
32R Essex Street
Cambridge, MA 02130
(617) 250-8602

Attorneys for Appellee Anthony Smith

**CERTIFICATE OF SERVICE**

    I hereby certify that on August 13, 2015, I electronically filed Anthony Smith's foregoing Motion to Dismiss Appeal with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that both participants in the appeal are registered CM/ECF users and that service on Appellant Paul Hansmeier will be accomplished by the CM/ECF system.

    I further certify that on this date I will send a copy of the foregoing via email to the Settlement Conference Office as directed by the Notice of Rule 33 Conference.

/s/ Dan Booth
Dan Booth