**Appeal Nos. 15-2440 and 15-2682**

---

**UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT**

---

| | |
|---|---|
| LIGHTSPEED MEDIA CORPORATION, *Plaintiff*, | ) Appeal from the United States |
| | ) District Court for the Southern |
| | ) District of Illinois |
| v. | ) |
| | ) District Court Case No. |
| ANTHONY SMITH, | ) 3:12-cv-889-DRH-SCW |
| *Defendant-Appellee* | ) |
| | ) The Honorable David Herndon |
| APPEALS OF: PAUL HANSMEIER and | ) Judge Presiding |
| JOHN STEELE, *Attorneys for the Plaintiff* | ) |

---

**DEFENDANT-APPELLEE ANTHONY SMITH'S MOTION
FOR DAMAGES, ATTORNEYS' FEES AND COSTS
PURSUANT TO FED. R. APP. P. 38 AND 28 U.S.C. § 1927**

---

Defendant-Appellee Anthony Smith ("Smith"), pursuant to both Fed. R. App. P. 38 and 28 U.S.C. § 1927, respectfully requests that this Court enter an Order requiring Appellants, Paul Hansmeier ("Hansmeier") and John Steele ("Steele"), jointly and severally, in their capacities as both appellants and counsel, to reimburse Smith for double his costs and attorneys' fees incurred in this frivolous appeal. In support of this Motion, Smith states as follows:

1.    Rule 38 authorizes a court, upon determination that an appeal is frivolous, to "award just damages and single or double costs to the appellee." Fed. R. App. P. 38; *Indianapolis Colts v. Baltimore*, 775 F.2d 177, 184 (7th Cir. 1985). 28 U.S.C. § 1912 also provides: "Where a judgment is affirmed by the Supreme Court or a court of appeals, the

court in its discretion may adjudge to the prevailing party just damages for his delay, and single or double costs."

2.     The Court recognizes attorneys' fees as a form of "damages" under Rule 38. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989) (awarding attorneys' fees under Rule 38); *Leahy v. Bd. of Trustees of Cmty. College Dist. No. 508*, 912 F.2d 917, 924 (7th Cir. 1990) (same).

3.     Rule 38 was designed to penalize litigants for tactics which are frivolous and obstructive, and nonconducive to judicial economy, "and to compensate those who have been put to the expense of answering such wholly frivolous appeals." *Clarion Corp. v. Am. Home Prods. Corp.*, 494 F.2d 860, 865 (7th Cir. 1974). In this case, "just damages" would be an award to Smith of his attorneys' fees and double his costs incurred in this appeal, imposed against Hansmeier and Steele jointly and severally.

4.     The Court may impose Rule 38 sanctions directly on the appellant's attorneys. *Hill v. Norfolk & W. Ry. Co.*, 814 F.2d 1192, 1201 (7th Cir. 1987) (counsel ordered to personally bear expense or sanctions under Rule 38); *Day v. Northern Ind. Pub. Serv. Corp.*, 164 F.3d 382, 384-385 (7th Cir. 1999). In addition, 28 U.S.C. § 1927 authorizes sanctions against an appellant's attorney for unreasonably delaying the proceedings. 28 U.S.C. § 1927; 20A James Wm. Moore et al., *Moore's Federal Practice* § 338.31, at 338-18 (3d ed. 2010); *Mustafa v. City of Chicago*, 442 F.3d 544, 546 (7th Cir. 2006) (Rule 38 and 28 U.S.C. § 1927 "permit the discretionary award of attorneys' fees to the victorious party where a losing party has engaged in frivolous appeals or vexatiously and unreasonably prolonged litigation.").

5.     "The determination whether to award Rule 38 sanctions is a two-step process. First, we must determine if the appeal is frivolous; second we must determine if sanctions are appropriate." *Tyson v. Jones & Laughlin Steel Corp.,* 958 F.2d 756, 761 (7th Cir. 1992).

6.     An appeal is frivolous under Rule 38 "when the result is obvious or when the appellant's argument is wholly without merit." *Grove Fresh Distribs., Inc. v. John Labatt, Ltd.,* 299 F.3d 635, 642 (7th Cir. 2002) (quotation and citation omitted). Rule 38 "authorizes the imposition of sanctions for the part of an appeal that is frivolous even if the presence of a colorable ground prevents the entire appeal from being adjudged frivolous." *Hill v. Norfolk & W. R. Co.,* 814 F.2d 1192, 1200 (7th Cir. 1987) (citations omitted). "It would be strange if by the happenstance of including one colorable (though losing) claim amidst an ocean of frivolous ones, a litigant could ward off all sanctions." *Id.*

7.     "In determining whether sanctions are appropriate, courts look for an indication of appellant's bad faith suggesting that the appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay or harassment or out of sheer obstinacy." *Spiegel v. Cont'l Illinois Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 1986) (quotation and citation omitted); *Ruderer v. Fines*, 614 F. 2d 1128, 1132 (7th Cir. 1980).

8.     Bad faith is not a requirement for imposition of Rule 38 sanctions, since the standard thereunder is an objective one. *Berwick Grain Co. v. Illinois Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000). Smith respectfully submits that this Court should recognize and consider Hansmeier and Steele's history, in this case and others,

when determining the appropriateness of Rule 38 sanctions. *See Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 703 (7th Cir. 2014); *Beam v. IPCO Corp.*, 838 F.2d 242, 249 n.5 (7th Cir. 1988) ("disingenuous arguments" and "misrepresentations of controlling law", because they postpone resolution of the real issues and cause delay, can be evidence of bad faith under the second part of the Rule 38 analysis); *Borowski v. DePuy, Inc.*, 850 F.2d 297, 306 (7th Cir. 1988).

9.      Here, it is appropriate to award Rule 38 sanctions for several reasons.

10.     First, Steele appeals in part from a finding by the district court that he obstructed discovery about his finances, without contesting that his bank withheld production after Steele's communications. Such an appeal is frivolous where "a trial court's discovery rulings are reversed only on a clear showing of abuse, and it is unusual to find abuse of discretion in these matters." *Indianapolis Colts*, 775 F.2d at 183 (citations and internal quotation marks omitted).

11.     Second, Appellants proceeded with this appeal although the record clearly supported the district court's findings of contumacious conduct and willful obstruction and the underlying sanctions. Any attempt by the Appellants to reargue on appeal credibility determinations made by the trial court falls into the category of frivolous appeals. Such decisions are impossible to upset on appeal unless documentary or other objective evidence contradicts the trial court's credibility ruling. *Rumsavich v. Borislow*, 154 F.3d 700, 703-704 (7th Cir. 1998); *Clark v. Runyon*, 116 F.3d 275, 278 (7th Cir. 1997). Neither Hansmeier nor Steele proffer any evidence to show abuse of discretion or clear error in the district court's findings that they acted contemptuously or that Steele obstructed discovery. *Bankers Trust Co. v. Publicker Industries, Inc.*, 641 F.2d 1361,

1367 (2nd Cir. 1981) (appeal is frivolous where directed against trial judge's exercise of discretionary powers, made with no relevant supporting law or evidence). In opting not to meaningfully refute the evidence as presented by Smith and interpreted by the district court, Appellants effectively conceded away any factual underpinning that their appeal might have had. *See e.g. Midwest Imports, Ltd. v. Coval,* 71 F.3d 1311, 1316 (7th Cir. 1995); *Berwick Grain Co., Inc. v. Illinois Dep't of Agric.,* 217 F.3d 502, 505 (7th Cir. 2000) (Rule 38 sanctions appropriate where appellants "did nothing to rectify the evidentiary failings that obliged us to affirm the grant of summary judgment in the first place"); *Ruderer,* 614 F.2d at 1132 (Rule 38 damages and double costs appropriate where appellant's appeal was "frivolous, malicious, filed in bad faith and totally devoid of any semblance of colorable merit").

12.     Third, Appellants violated Fed. R. App. P. 10(b) by failing to disclose their intention not to order a transcript of the November 12, 2014 show-cause hearing on Smith's motions for contempt and discovery sanctions. Doc. 219; *Stookey v. Teller Training Distribs.,* 9 F.3d 631 (7th Cir. 1993) (Rule 38 sanctions warranted where appellants made no effort to supply appellate court with necessary transcripts, misinterpreted facts, and appealed factual findings clearly supported by evidence).

13.     Hansmeier did not order a hearing transcript because, he told the Court, "[t]he transcript is being ordered by another appellant." Doc. 13, Seventh Circuit Tr. Info. Sheet, Appeal No. 15-2440 (7th Cir. filed Aug. 14, 2015). Several days later, however, Steele (the only other appellant) stated he would not be ordering the transcript because "[t]he District Court granted a Motion for Reconsideration without a hearing." Doc. 10, Seventh Circuit Tr. Info. Sheet, Appeal No. 15-2682 (filed Aug. 25, 2015).

Appellants' reluctance to order the transcript forced the Appellee to do so in time for this appeal and incur yet another unnecessary expense.

14.     That Appellants regard the hearing transcript as unnecessary belies credulity. Because they "object to findings which were substantially based on the aforementioned hearings, it is clear that the transcript[] from [the] hearing[] should have been included because the evidence presented was 'relevant' to the findings which are the subject of this appeal." *Stookey*, 9 F.3d at 635. *See also Tomczyk v. Blue Cross & Blue Shield United of Wisc.*, 951 F.2d 771, 779 (7th Cir. 1991) (awarding attorneys' fees under Rule 38 where appellant's attorneys "presented the record in a thoroughly misleading and unprofessional fashion, further demonstrating frivolousness" (internal citations omitted)); *Mars Steel Corp.,* 880 F.2d at 938 (noting that appeal is frivolous where "the result is foreordained by the lack of substance to the appellant's arguments").

15.     Fourth, Rule 38 sanctions are further supported by arguments in Appellants' appeal brief that were previously waived, intentionally misstate the law, and contravene the Federal Rules of Appellate Procedure.

a. Appellants argue "the district court failed to recognize and apply Florida law with respect to tenants by the entirety." Br. 9. This is frivolous. The Appellants did not cite any Florida law about tenancy by the entirety in the district court or this Court, waiving the issue. *See* Doc. 192 pp. 2-3 (citing "black letter law" but no cases); Br. iii-iv & 25-27. As an argument raised for the first time on appeal, the issue is waived. *See, e.g., Maciosek v. Blue Cross & Blue Shield United*, 930 F.2d 536, 540 (7th Cir. 1991) (*citing Barnett v. Stern*, 909 F.2d 973, 978 (7th Cir. 1990)); *Gray v. Lacke*, 885 F.

2d 399, 409 (7th Cir. 1989). Likewise, the failure to cite authorities in support of a particular argument constitutes a waiver of the issue. *Tyler v. Runyon*, 70 F.3d 458, 464 (7th Cir. 1995); *see also Bratton v. Roadway Package Sys., Inc.*, 77 F.3d 168, 173 n.1 (7th Cir. 1996) (finding argument waived because appellants neither identified specific evidence objected to nor cited authority for their position); *Salazar v. City of Chicago*, 940 F.2d 233, 242-243 (7th Cir. 1991); *Head Start Family Educ. Program, Inc. v. Cooperative Educ. Serv. Agency 11*, 46 F.3d 629, 635 (7th Cir. 1995). This is especially true where, as here, the Appellants are experienced trial attorneys. *See LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, 921-922 (7th Cir. 1997) (*citing Tyler*, 70 F.3d at 466).

b.  Appellants argue at length that the contempt sanctions were punitive in character and therefore required criminal due process protections. Br. 20-24. The Court rightly rejected the same argument when they raised it about their 2014 contempt sanctions. *Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 712 (7th Cir. 2014); *see* No. 14-1682, Br. 9-11. The argument remains wrong and should be rejected again. *See, e.g., Grove Fresh Distribs., Inc. v. John LaBatt Ltd.*, 299 F.3d 635, 642 (7th Cir. 2002) (finding Rule 38 sanctions appropriate where "appeal is simply [appellant's] attempt to repackage his prior appeals" and appellant "could not have believed in good faith that he might be successful this time around"); *Trecker v. Scag*, 747 F.2d 1176, 1179 (7th Cir. 1984) (finding frivolous an appeal raising issues already decided in a previous appeal);

*Clarion Corp.*, 494 F.2d at 865 (finding appeal frivolous where appellee attempted to relitigate matters that had become final because of prior determination); *A-Abart Elec. Supply, Inc. v. Emerson Elec. Co.*, 956 F.2d 1399, 1406-07 (7th Cir. 1992) (same).

16.     Fifth, an appeal is frivolous within meanings of Rule 38 and 28 U.S.C. § 1927 when it is prosecuted with no reasonable expectation of altering the district court's judgment, and for purposes of delay or out of sheer obstinacy. *Flexible Mfg. Sys. PTY v. Super Prods. Corp.*, 86 F.3d 96, 101 (7th Cir. 1996); *Mays v. Chicago Sun-Times,* 865 F. 2d 134, 139 (7th Cir. 1989); *Cohn v. Commissioner*, No. 96-2035, 1996 U.S. App. LEXIS 30917, *6 (7th Cir. 1996).

17.     Repeated filing of appeals strongly indicate a pattern of delay especially where Appellants have failed in each of their trips to this Court. *Steinle v. Warren*, 765 F.2d 95, 102 (7th Cir. 1985) (*citing Browning Debenture Holders' Committee v. DASA Corp.,* 605 F.2d 35, 40 n.5 (2nd Cir. 1978)); *McKersie v. IU International Corp.,* 830 F. 2d 88 (7th Cir. 1987) (three successive appeals lacking even a colorable case led court to conclude "no inference was possible other than that flurry of filings was designed to delay litigation and harass appellees"). Parties who "have been hyperactive and persistent in pressing manifestly unsupported claims will be assessed counsel fees on appeal." *In re Newport Harbor Associates,* 589 F.2d 20, 24 (1st Cir. 1978) (*citing* Fed. R. App. P. 38 and 28 U.S.C. § 1927).

18.     Here, through numerous frivolous motions and appeals, Appellants have repeatedly obstructed Appellee's paths to collection, giving Appellants in practice what the law denied has denied them in principle. *Wachovia Secs, LLC v. Loop Corp.*, 726 F.

3d 899 (7th Cir. 2011). *See also Overmyer v. Fidelity & Deposit Co.*, 554 F.2d 539 (2nd Cir. 1977) (use of appellate court, through sham appeals, as device to frustrate collection of original judgment was frivolous and justified assessing appellants double costs and attorneys' fees). These appeals, like those before, have no prospect of success and have served only to tax the resources of this Court, the district court, and the Appellee. *Eisen v. Curry,* 14 F.3d 469, 471 (9th Cir. 1994) (sanctions warranted by 28 U.S.C. § 1927 where Chapter 13 debtor's appeals of bad-faith findings multiplied proceedings "unreasonably and vexatiously"). Appellants' tactics have cost Appellee more than two years of delay and expense in litigation and collection efforts. The conclusion that this appeal is frivolous, made for no other reason than delay or sheer obstinacy, is inescapable.

19.     In sum, sanctions are warranted because Appellants' blatant and continuing disregard for this Court's rules needlessly resulted in added expense to Appellee and the waste of judicial resources.

20.     Pursuing a frivolous appeal invites sanctions, *Jansen v. Aaron Process Equip. Co.,* 207 F.3d 1001, 1005 (7th Cir. 2000); *Mars Steel Corp.,* 880 F.2d at 938, which this Court may impose in at its considered discretion, *In re Generes,* 69 F.3d 821, 828 (7th Cir. 1995); *Colosi v. Electri-Flex Co.,* 965 F.2d 500, 504 (7th Cir. 1992).

21.     Here, where the Appellants have been repeatedly sanctioned by the district court, have unsuccessfully appealed those sanctions and have yet remained undeterred and committed to a pattern of vexatious and duplicitous behavior the time for constraint is over and the imposition of grave sanctions is warranted.

WHEREFORE, pursuant to both Fed. R. App. P. 38 and 28 U.S.C. § 1927, Defendant-Appellee, Anthony Smith respectfully requests that this Court enter an Order requiring Appellants, jointly and severally, in their capacities as both appellants and counsel, to reimburse Smith for double his costs and attorneys' fees incurred in this frivolous appeal.

Dated:  November 30, 2015                    Respectfully submitted,

                                             /s/ Jason E. Sweet
                                             Jason E. Sweet
                                             Dan Booth
                                             Booth Sweet LLP
                                             32R Essex Street
                                             Cambridge, MA 02130
                                             (617) 250-8602

                                             *Attorneys for Appellee Anthony Smith*

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2015, I electronically filed Anthony Smith's foregoing Motion for Damages and Costs with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that both participants in the appeal are registered CM/ECF users and that service on Appellants Paul Hansmeier and John Steele will be accomplished by the CM/ECF system.

                                             /s/ Jason E. Sweet
                                             Jason E. Sweet